FILED
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

2015 APR 21  ⊃ 5: 10

DISTRICT OF UTAH

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>UNIVERSAL CONTRACTING, LLC; GROVE CREEK, LLC; CSG WORKFORCE PARTNERS, LLC; CSG EXTERIORS, LLC; CSG DRYWALL, LLC; CSG FRAMING, LLC; CSG INTERIORS, LLC; CSG PAINTING, LLC; CSG LANDSCAPING, LLC.;CORY ATKINSON, individually; MOUNTAIN BUILDERS, INC., RYAN D. PACE, individually, DECORATIVE ENTERPRISES, INC.; TRACY BURNHAM, individually, JARED MARTIN, individually; ALPINE BUILDING, LLC, and ARIZONA CLA, LLC,<br><br>    DEFENDANTS. | **CIVIL ACTION NO. 2:13-cv-00253-DS**<br>DEPUTY CLERK<br><br><br>**CONSENT JUDGMENT AND INJUNCTION**<br><br>**Honorable David Sam** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary") and Defendants Universal Contracting, LLC, Grove Creek, LLC, CSG Workforce Partners, LLC, CSG Exteriors, LLC, CSG Drywall, LLC, CSG Framing, LLC, CSG Interiors, LLC, CSG Painting, LLC and CSG Landscaping, LLC, Cory Atkinson, individually (collectively as "UC/CSG Defendants"), Jared Martin, individually, Alpine Building, LLC (together with UC/CSG Defendants as the "Utah Defendants"), and Arizona CLA, LLC (collectively as "Defendants"),[1] have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Judgment").

---

[1] Defendants Mountain Builders, Inc., Ryan Pace, Decorative Enterprises, Inc. and Tracy Burnham are not parties to this Judgment.

A.     The Secretary filed a Complaint alleging UC/CSG Defendants violated provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5). UC/CSG Defendants appeared by counsel, answered the Complaint and have denied the alleged violations.

B.     Alpine Building, LLC, a Utah limited liability company ("Alpine Building"), was organized in December 2014 and is owned by JSM Consulting, Inc., which in turn is owned by Martin. Arizona CLA, LLC, an Arizona limited liability company ("Arizona CLA"), has operated and continues to operate construction labor service operations pursuant to a substantially similar limited liability company member-worker model as UC/CSG Defendants. Arizona CLA is jointly owned by JMCA Holdings LLC, which in turn is owned by Martin, and Blue Dot Group LLC, which in turn is owned by Glen Ormiston, an individual residing in Arizona.

C.     Effective January 1, 2015, UC/CSG Defendants and Arizona CLA will no longer operate limited liability company member-worker business models as they had been used up to December 31, 2014. Alpine Building and Arizona CLA will provide construction labor services (in lieu of the Defendant limited liability company member-worker businesses or any other similar member-worker business models) that employ employees (as provided in Paragraphs J and 11) to begin on or after January 1, 2015.

D.     The monetary relief agreed to by the parties herein is in part premised upon the future profits of Alpine Building and Arizona CLA (together as the "Businesses") as described in Paragraph 6 herein. Alpine Building, Arizona CLA, and Martin, agree to be joined herein as defendants and are represented by the undersigned counsel for Defendants.

E.     Defendants admit that the Court has jurisdiction over the parties and subject

2

matter of this civil action and that venue lies in the District of Utah.

F.      The Secretary has filed a separate Complaint in the United States District Court for the District of Arizona captioned and numbered *Secretary of Labor v. Arizona CLA, LLC, et al.* that alleges Arizona CLA, Martin, Atkinson, and other named parties, violated provisions of the FLSA ("Arizona Lawsuit"). In conjunction with the submission of this Judgment, the parties submitted a Consent Judgment and Injunction in the Arizona Lawsuit (the "Arizona Judgment") that includes common defendants and terms, including the monetary relief provisions in Paragraph 6 herein, which are premised upon present and future profits of the Businesses. This Judgment is subject to entry of the Arizona Judgment.  In the event the Arizona Judgment is not entered by the Arizona Court, this Judgment may be vacated upon motion by any party hereto. A copy of the unexecuted Arizona Judgment submitted to the Court in the Arizona Lawsuit is attached hereto as Exhibit 1.

G.      The Secretary conducted FLSA investigations of the UC/CSG Defendants covering the periods of March 16, 2009, to October 22, 2014. The parties have agreed to compromise, settle and resolve all alleged violations of the FLSA attributable to UC/CSG Defendants and Martin through this Judgment.

H.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Judgment in settlement of this action, without further contest.[2]

I.      On June 12, 2014, the Court entered partial summary judgment in favor of the Secretary finding that the limited liability company members performing labor services for UC/CSG Defendants were employees under the FLSA and that the UC/CSG Defendants were employers of the member workers. (Doc. 92.) UC/CSG Defendants challenged that ruling by

---

[2] This Judgment only resolves the liability of Defendants and does not resolve any potential liability of other employers or joint employers for the time periods described in Paragraphs G and 4.

promptly filing a Motion to Certify Order for Appeal and Stay Proceedings. (Doc. 94.) That motion is currently pending before the Court. Defendants have agreed to withdraw with prejudice that motion and will not seek any appeal of the partial summary judgment. Accordingly, the Court makes no disposition of Defendants' motion other than to note that it is hereby withdrawn.

J.      Defendants understand and affirmatively acknowledge that beginning January 1, 2015, all individuals who perform labor services for or on behalf of Defendants, including but not limited to the Businesses, will be paid wages under the FLSA that are subject to the issuance of IRS Form W-2, Wage and Tax Statement (except as provided in Paragraph 11). Defendants understand and expressly acknowledge that such individuals are employees and as such are afforded all protections and safeguards guaranteed under the FLSA, including without limitation those found in sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5).

K.      Defendants understand and acknowledge that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by the FLSA, 29 U.S.C. § 215(a)(3), and that violation of this Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

L.      Defendants acknowledge that any individual or entity acting on their behalf or at their direction (including but not limited to supervisors, superintendents, or foremen) will be provided with notice of the provisions of this Judgment within 30 days of entry.

M.      Defendants shall provide a copy of this Judgment via U.S. Mail addressed to the last known address to the following individuals and entities: Brian Martin, Shannon Martin, Glen

Kessler, Patrick Kessler, Jim Ormiston, O&S Building and Remodeling, LLC, Z Diamond Marketing, LLC, JMCA Holdings, LLC, JSM Consulting, Inc., OASIS LLC, Arizona Superstition Management, LLC, and Blue Dot Group, LLC.

It is therefore, upon joint motion of the attorneys for the parties, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5), in any of the following manners:

1.     Utah Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.     Utah Defendants shall not, contrary to FLSA sections 7 and 15(a)(2) employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.     Utah Defendants shall not fail to make, keep, make available to authorized agents

of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.  Subject to the payment criteria set forth in Paragraph 6, Defendants, jointly and severally, shall not withhold payment of $150,000 in overtime pay hereby due under the FLSA and this Judgment, which is based upon the stipulation of the parties, to individuals on Exhibit 2 (or any amendments thereto), as a result of their working relationship with UC/CSG Defendants during the period of March 16, 2009 through October 22, 2014.

5.  Subject to the payment criteria set forth in Paragraph 6, liquidated damages in the amount of $150,000 and civil money penalties in the amount of $50,000 are hereby due and will be paid under the FLSA by the Defendants.

6.  Defendants will pay up to $350,000 in back wages, liquidated damages, and civil money penalties ("CMPs") plus interest of 1% per annum[3] ("Amount Due") as provided in this Paragraph 6. Paragraphs 6b, 6c, 6d, 6i, and 6j include a schedule for payments of partial sums or percentages of the Amount Due under this Judgment thatare separate from the Arizona Judgment. Half of each payment hereunder up to $300,000 will be allocated to back wages and half allocated to liquidated damages. Any amounts recovered hereunder in excess of $300,000 and up to $350,000 will be allocated to CMPs. Accordingly, Defendants will pay the Amount Due, on or before the dates and pursuant to the criteria in the following subparagraphs:

a.  Initial payment. Defendants will pay $50,000 within ten (10) calendar days of the

---

[3] Interest will be calculated on the sum of each payment amount due and payable from the date established by Paragraph 6a.

entry of this Judgment or the Arizona Judgment, whichever is later. Upon the Secretary's receipt of this payment, the remaining balance of the Amount Due, subject to the provisions of this Paragraph 6, will be $300,000.

   b.   On or before December 31, 2015. Defendants will pay $50,000, with applicable interest on or before December 31, 2015, subject to the Businesses having collectively earned a minimum profit[4] of $125,000. In the event this payment is made, the remaining principal balance of the Amount Due will be $250,000. If the minimum profit is not attained, however, this payment will not be made and payment of the remaining balance of the Amount Due is subject to Paragraphs 6c, 6d, 6i and 6j.

   c.   On or before December 31, 2016 and/or 2017. If the Businesses collectively earn $150,000 or more but less than $350,000 in profit for either of the calendar years 2016 and 2017, Defendants will pay a minimum of one-quarter (25%) of the profit amount for that year, plus accrued interest on such amount, by December 31 of each applicable year. If profits are $350,000 or more but less than $750,000, for either year, Defendants will pay a minimum of one-third (33.35%) of the profit amount for that year, plus accrued interest on such amount, by December 31 of each applicable year. If profits are $750,000 or more for either year, Defendants will pay the balance of the Amount Due by December 31 of the applicable year. If profits do not meet the minimum threshold for either year, no payment will be due for that year, subject to 6d, 6i and 6j.

   d.   December 31, 2017 look back. If the Businesses do not attain the minimum profit levels specified above for 2015, 2016, and 2017 to trigger payment obligations under Paragraphs 6b or 6c then on or before December 31, 2017, Defendants will pay a combined total of eighty-five percent (85%) of the aggregate sum of all profits through 2017, but not to exceed $50,000.

---

[4] Profit means the excess (if any) of total revenue less reasonable business-related expenses, before any equity or other similar distributions.

7

Defendants will receive credit toward this $50,000 maximum for any payments made pursuant to Paragraphs 6b, 6c, 6i and 6j prior to December 31, 2017. Provided Defendants meet the forgoing terms of this Paragraph 6, no further payment obligation shall be owed after December 31, 2017 regardless of the total amount actually remitted hereunder.

  e. On or before December 10 of each year (2015, 2016, and 2017) Defendants will provide to the U.S. Department of Labor Wage and Hour Division ("Wage and Hour") financial statements for each Business establishing profits or losses as of November 30, to include, without limitation, balance sheets, income statements, profit and loss statements and any other pertinent financial information the Secretary may request. These financial statements will be used to calculate the profit for each year in order to determine the payment, if any, to be made on December 31 of that year. Defendants will also provide to Wage and Hour copies of the complete tax returns of the Businesses for each year (2015, 2016 and 2017) within ten (10) calendar days of filing the same with the Internal Revenue Service.

  f. On or before January 15 of each year (2016, 2017, and 2018), Defendants will provide to Wage and Hour complete financial statements for the Businesses through December 31 of the preceding year. If requested by the Secretary, Defendants, at their expense, will have the financial statements audited by a certified accountant or accounting firm (approved by the Secretary) and delivered to Wage and Hour within forty-five (45) calendar days of the Secretary's request or such other time period agreed to by the parties. In the event any of these financial statements shows a profit in an amount sufficiently higher than the corresponding December 10 financial statement to trigger any increase in payment on the Amount Due for that year, then any such additional amount shall be remitted within five (5) business days after acceptance of the financial statements by Wage and Hour.

g.      Defendants will notify Wage and Hour in writing of any change in ownership of either Business within ten (10) calendar days of such change.

h.      If any payment is more than five (5) business days late, the Secretary will provide written notice to Defendants thereof and Defendants shall have five business days after receipt of such notice to remit the late payment. If Defendants fail to do so they will be in default. In the event of any default, the balance of the entire $350,000, plus the assessment of interest and penalty interest rates and collections costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134), from the date of the entry of this Judgment until paid in full, shall be immediately due and payable (with credit for amounts already paid) against Defendants, jointly and severally, upon the Secretary's sending by ordinary mail a written demand to Defendants.

i.      In the event either of the Businesses should cease operations (for reasons other than sale or merger) before the Amount Due is paid in full or otherwise discharged as provided in this Paragraph 6, Defendants will:

(1)      Provide Wage and Hour with a written explanation detailing all reasons for business cessation and the anticipated date business operations will cease. This written explanation must be delivered to Wage and Hour before business operations cease, shall include a statement that discontinuation of the business is not intended to circumvent Defendants' obligations to pay the Amount Due, and shall be certified by all owners of the Business or Businesses under penalty of perjury and subject to punishment under 18 U.S.C. § 1001. This written notice shall be delivered to Wage and Hour at least seven (7) calendar days if business operations cease before June 30, 2015, and at least twenty-one (21) calendar days if business operations cease after such date. All owners,

9

officers, and managers of the Business or Businesses will make themselves available (in person or by remote communication as requested by Wage and Hour) to respond to any inquiries that Wage and Hour may have pertaining to the reasons for business cessation and such individuals will cooperate and provide complete and accurate responses.

(2)     Pay toward the balance of the Amount Due an amount equal to eighty-five percent (85%) of the aggregate sum of all yearly profits for that Business through the date of business cessation not to exceed $50,000, (any payments made under Paragraphs 6b, 6c, 6d and 6j will be credited toward this $50,000 maximum). Payment will be made within ten (10) days after the business wind up date, unless the Secretary agrees to another payment date. Defendants' payment obligations under this Paragraph 6 continue as long as any Business continues to operate or until the Amount Due is paid in full or otherwise discharged as provided in this Paragraph 6, whichever is earlier.

j.     In the event Defendants take any action to sell one or more of the Businesses (asset sale or merger) before the Amount Due is paid in full or otherwise discharged as provided in this Paragraph 6, at least forty-five (45) days prior to closing (or such other period agreed upon by the parties), Defendants shall obtain an appraisal from a third party approved in advance by the Secretary for the Business to be sold. Any sale must be a bona fide sale to an independent third party and for fair market value or an amount agreed to by the parties. From the sale proceeds, Defendants will pay up to $50,000, less any payments made under Paragraphs 6b, 6c, 6d and 6i, toward the balance of the Amount Due, and twenty-five percent (25%) of all proceeds in excess of such amount toward the balance of the Amount Due. For example, if no payments have been made under Paragraphs 6b, 6c, 6d or 6i, and Defendants sell the Business for $250,000, Defendants would pay $100,000 toward the balance of the Amount Due under this

Judgment ($50,000 payment + $50,000 (25% of $200,000) = $100,000). Defendants will cause any payment under this Paragraph 6j to be made to the Secretary by the purchaser(s) at closing. Defendants shall include language to effectuate this provision in any bill of sale, closing documents or escrow instructions. The notice of the sale shall be provided to Wage and Hour and Defendants shall provide notice of this Judgment to any buyer, prior to the closing of the sale.

k.      Defendants will not engage in any activity, directly or indirectly, to avoid or circumvent the payment obligations in this Paragraph 6, including without limitation, (1) incurring and/or paying fraudulent, unreasonable, excessive, unrelated, or unduly burdensome Business(es) business expenses; or (2) engage in competition with the Businesses by directing or diverting business or business opportunity to individuals or organizations other than the Businesses. If Defendants are found by the Court to have deliberately engaged in the activities described in this paragraph, the entire $350,000 payment shall be due and payable immediately with credit given for amounts already paid.

7.      The names of individuals presently known to the Secretary who are due or may be due back wages under this Judgment are listed on attached Exhibit 2; however, the identity of all persons who performed services for UC/CSG Defendants who may be due back wages hereunder is presently unknown. In addition, the back wage period for all persons is presently unknown. The Secretary and UC/CSG Defendants will cooperate in identifying these individuals and determining the amount of back wages and liquidated damages due to all such persons. The Secretary will provide UC/CSG Defendants with a list of individuals and the amount of back wages and liquidated damages to be paid to those individuals prior to distributing any portion of the Amount Due. In the event individuals not included on Exhibit 2 are found to be due back

wages, the Secretary will file an Amended Exhibit 2 identifying such additional individuals before December 31, 2015 or such other time agreed by the parties.

8.      Within thirty (30) days after the entry of this Judgment, UC/CSG Defendants will provide Wage and Hour with a list of every individual who performed labor services with respect to each Defendant limited liability company for clients of the limited liability company from January 1, 2012 through October 22, 2014, showing the name, dates of employment, last known (home) address, and social security number for each individual. Utah Defendants will also deliver to Wage and Hour a check in a sum to be determined by Wage and Hour (not to exceed $3,000) made payable to Wage and Hour's vendor, Pitney Bowes, to be applied to costs associated with mailings to locate and distribute payments to UC/CSG Defendants' former and current employees. Any balance of the $3,000 sum remaining after distribution of the Amount Due is completed will be credited toward the Amount Due.

9.      The Secretary shall allocate and distribute the Amount Due that is paid as described in Paragraphs 6 and 7, less deductions for employees' share of social security and withholding taxes on the back wage amounts, to the identified employees or to their estates if that is necessary, in his sole discretion and any money not so paid within a period of three (3) years from the receipt of payment, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary will provide written notice to Defendants itemizing all payments made to individuals hereunder as soon as practical. Upon receipt of such notice, UC/CSG Defendants are responsible for the employer's share of the FICA tax with regard to back wages distributed by the Secretary.

10.     Although it is understood that the Businesses will be organized and will operate

12

as limited liability companies, after December 31, 2014, Utah Defendants will not operate limited liability company member-worker businesses models (for supplying labor), including without limitation, the UC/CSG Defendants' limited liability company member-worker business models.

11.    As of January 1, 2015, Defendants will not misclassify their employees and all individuals who perform labor services for or on behalf of Defendants, including but not limited to the Businesses, will be employees under the FLSA and will be paid wages that are subject to the issuance of IRS Form W-2, Wage and Tax Statement. Notwithstanding this Paragraph 11, Defendants may hire bona fide subcontractors to perform labor services so long as all subcontractors combined shall not constitute more than 5% of Utah Defendants' and/or each Businesses annual direct labor costs. If either of the Businesses act as a general contractor on a specific building project, they may utilize bona fide subcontractors on that project.  Further, in their contracts with their Subcontractors, Defendants shall confirm that: a) the Subcontractor is licensed with the Utah Division of Occupational and Professional Licensing; b) the Subcontractor is not owned and/or a controlled entity/subsidiary of Defendants; c) that the amount Defendants pay to the Subcontractor constitutes no more than fifty percent (50%) of the Subcontractor's total gross revenue; d) the Subcontractor will comply with the FLSA to the extent it is applicable; and f) the Subcontractor has the financial viability to pay wages required by the FLSA to all workers assigned to Defendants' projects.

12.    Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Judgment, shall amend and maintain their payroll practices as follows:

    a.    All individuals who perform labor services for or on behalf of Defendants, including but not limited to the Businesses, will be paid an hourly rate and in compliance

with minimum wage and overtime provisions of the FLSA. All production or other bonuses will be included in calculation of the regular rate for purposes of computing overtime.

b.  Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours. If production bonuses or incentives are used the method of computing such bonuses and the actual computation shall be made available to each employee with their paycheck; the employees shall also have the right to inspect Defendants' production records and payroll records.

c.  Show hourly pay rates, all hours worked in the applicable workweek(s), any premium pay including overtime calculations, and all deductions on employees' pay stubs.

d.  Defendants shall maintain all time and payroll records for a period of not less than three years.

e.  Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements may be recorded in Defendants' accounts payable system.

f.  Defendants shall inform all supervisors, managers, superintendents, and foremen regarding the requirements of this Judgment and shall provide a complete copy of this Judgment to all supervisors, managers, superintendents, and foremen.

g.  Defendants shall not alter or manipulate time or payroll records to reduce

the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

h.      Defendants shall not direct supervisors, superintendents, foremen, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors, superintendents, foreman and payroll providers to encourage workers to report all hours worked. The Court makes no finding about Defendants' past payroll practices.

i.      Defendants shall pay employees all wages owed under the FLSA, less any appropriate deductions allowed by law, and shall not reclassify any portion of the employees' earned FLSA wages as any form of profit-sharing, partnership or corporate distribution.

j.      Utah Defendants shall include a notice provision on the employee time verification form to notify employees that they have a right to review the records of hours worked and if they disagree with the hours the employer has recorded they have the right to bring this to the attention of the Utah Defendants without any retaliation or to contact the Department of Labor at 60 East South Temple, Suite 575, Salt Lake City, Utah.

13.      This Judgment resolves the liability of UC/CSG Defendants and Martin but does not resolve any potential liability of other employers or joint employers before December 31, 2014.

14.      Defendants will provide any information or documents relating to Defendants business operations up to December 31, 2017 to Wage and Hour upon request.

15.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand,

require or accept any of the back wages or liquidated damages from any of their past or current employees, including without limitation those listed on the attached Exhibit 2. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

16.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

17.   On at least an annual basis, Utah Defendants shall hire an independent third-party to conduct supervisor training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly as employees as opposed to independent contractors. All supervisors and employees who determine Utah Defendants' employees' pay or schedules or who prepare payroll shall attend this training. Utah Defendants shall maintain documentation of these trainings for a period of three (3) years and shall provide it to representatives of the Secretary of Labor upon request. The documentation must include without limitation a list of attendees (with their signatures), the content of the training, including any materials used, distributed or referenced during the training, and the date, time and location of

the training. This provision shall be in effect for a period of three (3) years from the date entry of this Judgment by the Court.

18.     Within sixty (60) days after the entry of this Judgment, Utah Defendants shall provide written information to all then-existing employees that discusses the FLSA generally and employees' entitlement to minimum wages and overtime compensation under the FLSA, including specific examples of how overtime is computed for hourly employees, and that includes references to the Wage and Hour website. (www.dol.gov/whd).  This information may be provided to employees in paper form, may use DOL Fact Sheet No. 13 or may be included in any Employee Handbook that Utah Defendants provide to their employees.

19.     No later than August 31, 2015, Utah Defendants shall obtain an audit of their compliance with the FLSA, and regulations issued under the FLSA, to be conducted by a third-party monitor hired at Utah Defendants' expense, which may be an attorney, an accountant, or some other professional knowledgeable about the FLSA. The third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to Alpine's compliance with the FLSA. Utah Defendants shall provide a copy of the written report to Wage and Hour no later than September 30, 2015.

> a. Before the third-party monitor begins work, Utah Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to Wage and Hour. The Wage and Hour District Director shall have the right to reject the selected monitor within ten (10) days and direct Utah Defendants to propose a different monitor.  If these parties are unable to agree upon a third-party monitor after three monitors have been proposed by the Utah Defendants and rejected by Wage and Hour, the Court will select the third-party monitor upon request of any party.

b. The third-party monitor shall have the ability to communicate with Utah Defendants' workers in their native language(s), or, shall be provided with an interpreter as necessary at Utah Defendants' expense.

c. Utah Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of Utah Defendants' workers and to payroll and time records.

d. If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Utah Defendants shall pay the wages due within thirty (30) days.

e. If the third-party monitor directs changes to Utah Defendants' policies and/or procedures, or directs Utah Defendants to take action to comply with the FLSA or regulations issued under the FLSA, Utah Defendants shall do so.

f. The third-party monitor shall have the duty to conduct off-site interviews with Utah Defendants' workers; such interviews, and other communications between workers and the monitor shall be kept confidential (except as to authorized representatives of the U.S. Department of Labor) ; and copies of all notes and interviews conducted by the monitor may be turned over to the District Director, along with the audit report, if requested by the District Director.

g. Discrimination or retaliation by Utah Defendants against workers for cooperating or communicating with the third-party monitor is prohibited to the fullest extent of 29 U.S.C. § 215(a)(3).

20.    Within thirty (30) days of the entry of this Judgment, Utah Defendants shall supply all of their employees with copies of the attached Exhibit 3 (and the Spanish translation of

Exhibit 3 prepared by Wage and Hour and provided to Utah Defendants), which summarizes terms of this Judgment and the employees' rights under the FLSA. In addition, Utah Defendants shall provide copies of Exhibit 3 (with the Spanish translation) to all new hires, and conspicuously post a copy at all business offices in a location that is frequented by employees and where it is visible.  In addition, within 10 days of the entry of this Judgment, Utah Defendants shall post this Judgment at its business locations in an area that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

21.    Any notice or delivery requirement under this Judgment may be satisfied by serving a written notice on Defendants at Alpine Building, 119 South 700 East, Suite 101, American Fork, Utah 84003, with a copy to Defendants' counsel of record in this matter, Rick J. Sutherland, JONES WALDO, 170 South Main Street, Suite 1500, Salt Lake City, Utah 84101, and on the Secretary by serving written notice on: Joseph Doolin, District Director, 60 East South Temple, Suite 575, Salt Lake City, Utah.

IT IS ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 2 or Amended Exhibit 2, nor as to any employee named on the attached Exhibit 2 or the Amended Exhibit 2 for any period not specified therein, nor as to any employer other than UC/CSG Defendants and Martin; and it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall act as a bar to any action or claim against UC/CSG Defendants and Martin under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee named on the attached Exhibit 2 or

the Amended Exhibit 2 for the period listed therein; and it is further

ORDERED that this Judgment represents a full, final, and complete judicial resolution of all claims alleged against UC/CSG Defendants in the Secretary's Complaint referenced in Paragraph A, including all FLSA matters arising out of the investigations referenced in Paragraph G, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than the UC/CSG Defendants and Martin; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

DATED this _____ day of _____, 2015.

BY THE COURT:

_____

United States District Judge

20

the Amended Exhibit 2 for the period listed therein; and it is further

ORDERED that this Judgment represents a full, final, and complete judicial resolution of all claims alleged against UC/CSG Defendants in the Secretary's Complaint referenced in Paragraph A, including all FLSA matters arising out of the investigations referenced in Paragraph G, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than the UC/CSG Defendants and Martin; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.


DATED this 21st day of April, 2015.


BY THE COURT:


David Sam
Senior Judge
United States District Court

(

**PLAINTIFFS,**

M. Patricia Smith
Solicitor of Labor

James E. Culp
Regional Solicitor

John Rainwater
Associate Regional Solicitor

By_____

Tyler P. McLeod, (CO #39894)
U.S. Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, Colorado 80204-3516
303-844-0936
303-844-0982 fax
Attorney for Plaintiff

_3-13- 2015_____
Date

21

**DEFENDANTS,**

Cory Atkinson

3-12-15

Date

UNIVERSAL CONTRACTING, LLC

By

Title _Manager_

Date 3-12-15

GROVE CREEK, LLC

By

Title _Manager_

Date 3-12-15

CSG WORKFORCE PARTNERS, LLC; CSG EXTERIORS, LLC; CSG DRYWALL, LLC;
CSG FRAMING, LLC; CSG INTERIORS, LLC; CSG PAINTING, LLC; CSG
LANDSCAPING, LLC

By

Title _Manager_

Date 3-12-15

22

Jared Martin

3/12/2015
Date

ALPINE BUILDING, LLC

By

Title OWNER

Date 3/12/2015

ARIZONA CLA, LLC

By

Title OWNER

Date 3/12/2015

As to form:

Rick J. Sutherland
JONES WALDO HOLBROOK & McDONOUGH PC
170 s. Main St., #1500
Salt Lake City, UT 84101
801-521-3200
801-328-0537
Attorney for Defendants

24